UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-10006-CR-MARTINEZ

UNITED STATES OF AMERICA

vs.

BONEFISH HOLDINGS, LLC,

      Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and BONEFISH HOLDINGS, LLC (hereinafter the "defendant" or "Bonefish") enter into the following plea agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

I.    Guilty Plea

A.    The defendant agrees to plead guilty to the one-count Information filed against it which charges the defendant with the unlawful discharge of pollutants, that is: from on or about October 6, 2017 and continuing through on or about October 20, 2017, in Upper Matecumbe Key, Monroe County, in the Southern District of Florida, Bonefish did knowingly discharge, cause to be discharged and aided and abetted the discharge of pollutants, that is, dredged spoil, rock, biological material/vegetative debris, and sand, from a point source into waters of the United States, in violation of the Federal Water Pollution Act, commonly referred to as the Clean Water Act ("CWA"), Title 33 United States Code, Sections 1311(a) and 1319(c)(2)(A), and Title 18, United States Code, Section 2.

Court Exhibit #2

B.  The defendant agrees to admit that it is in fact guilty of the offense charged in the Information and that the attached Joint Factual Statement dated this same day is an accurate statement of its conduct.

II.  Corporate Authorization and Organizational Changes

A.  The defendant will provide written evidence in the form of a notarized resolution of the Board of Directors with both notary and corporate seals, certifying that Bonefish is authorized to plead guilty to the felony offense set forth in the Information, and to enter into and comply with all provisions of this plea agreement. The resolution shall further certify that its Manager is authorized to take these actions and that all corporate formalities required for such authorization have been observed. The defendant agrees that its Manger, Dr. Albert Vortsman, shall appear on behalf of the company to enter the guilty plea and for imposition of the sentence in the United States District Court for the Southern District of Florida.

B.  In consideration of the undertakings herein, Bonefish expressly agrees that it shall not, through a business transaction of any type, including but not limited to, a change of name, business reorganization, sale or purchase of assets, divestiture of assets, or any similar action, seek to avoid the obligations and conditions set forth in this plea agreement. This plea agreement, together with all of the obligations and terms thereof, shall inure to the benefit of and bind assignees, successors-in-interest, or transferees of the defendant.

III.  Sentencing Guidelines and Penalties

A.  The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will

compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in Section I.A and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

B. The defendant also understands and acknowledges that the Sentencing Guidelines advisory provisions relating to the sentencing of organizations (Chapter Eight) do not apply to the imposition of fines for environmental crimes such as those charged in the Information. *See* Sentencing Guidelines Section 8C2.1 (Commentary-Background). The parties agree that the statutory maximum amount of the fine to be imposed under the statute charged in Count 1 is the greatest of: $500,000, Title 18, United States Code, Section 3571(c)(5), or twice the gross pecuniary gain or gross loss resulting from the offense, pursuant to Title 18, United States Code, Section 3571(d). The defendant also understands that it may be subject to a term of probation of not more than five years with respect to Count 1. Title 18, United States Code, Section 3561(c)(1)

and (2).  The defendant further understands the Court may order restitution to any ascertainable victim of the offense conduct pursuant to Title 18, United States Code, Section 3663 and Sentencing Guidelines Section 5E1.1.

C.	The defendant further understands and acknowledges that, in addition to any sentence imposed, a special assessment in the amount of $400.00 will be imposed on the defendant with respect to Count 1, payable to the "Clerk, United States District Court" at the time of sentencing.  Title 18, United States Code, Section 3013(a).

D.	This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offense committed, whether charged, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this plea agreement, the government further reserves the right to make any recommendations as to the quality and quantity of punishment.

E.	The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, is a prediction, not a promise, and is not binding on the government, the probation office or the Court.  The defendant further understands that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this plea agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety.  The defendant understands and acknowledges, as previously acknowledged in Section III.A. above, that the defendant may not withdraw its plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a

recommendation made jointly by both the defendant and the government.

IV. <u>Sentence Recommendation</u>

This Office and the defendant agree that, although not binding on the probation office or the court, they will jointly recommend to the Court, that under the advisory Sentencing Guidelines, the following findings and conclusions would correctly represent the calculation of a reasonable and appropriate sentence. Further, neither party shall adopt nor argue any position with respect to sentencing in this matter contrary to the following recommendations:

A. The parties agree to recommend that the defendant be placed on organizational probation for a period of three years;

B. The parties agree to recommend, as a special condition of probation, that Bonefish will fully restore the impacted 3.73 acres federal wetlands. The parties agree that the Restoration Plan, attached as Exhibit 1, will dictate the details of the restoration and is incorporated into this Plea Agreement by reference.

C. The parties agree that pursuant to Title 18, United States Code, Section 3571 and in consideration of the factors enumerated in Title 18, United States Code, Section 3572, imposition of a criminal fine of $50,000, payable to the "Clerk, United States District Court" is appropriate under the relevant circumstances of this case. The parties agree that the fine is to be paid at the time of sentencing.

V. <u>Additional Liability</u>

This Office agrees that in return for the defendant's representations and undertakings in this agreement, the government will not file additional criminal charges against it in the Southern District of Florida for violations associated with discharge of pollutants into waters of the United

States without a permit, disclosed and known to the United States, as of the date of the signing of this plea agreement. This plea agreement does not provide or promise any waiver of any other criminal, civil, or administrative actions that may apply, including but not limited to: fines, penalties, claims for damages to natural resources, suspension, debarment, listing, licensing, injunctive relief, or remedial action to comply with any applicable regulatory requirement.

### VI.   Express Waiver of Right to Appeal Guilty Plea and Sentence

The defendant is aware that Title 28, United States Code, Section 1291 and Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 1291 and 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or a variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the government appeals the defendant's sentence pursuant to Section 3742(b) and 1291, the defendant shall be released from the above waiver of its appellate rights.

The defendant further hereby waives all rights conferred by Title 28, United States Code, Section 1291 to assert any claim that (1) the statute to which the defendant is pleading guilty is unconstitutional; and (2) the admitted conduct does not fall within the scope of the statute of conviction.

By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney. The defendant further agrees, together with this Office, to request that the Court enter a specific finding that the defendant's waiver of its right to appeal the sentence imposed in this case and its right to appeal its conviction in the manner described above was knowing and voluntary.

VII. <u>Binding Final Agreement</u>

This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

DATE: 6/11/19     By: *Jodi A. Mazer*
Jodi A. Mazer
Special Assistant United States Attorney

**REPRESENTATIVES OF DEFENDANT**

DATE: 6/11/19     By: _____
JOEL HIRSCHHORN
ATTORNEY FOR DEFENDANT

DATE: 6/11/19.    By: _____
BONEFISH HOLDINGS, LLC
DEFENDANT
BY ALBERT VORSTMAN, MANAGER